## McCALMAN v. MELLON–STUART CO.
### Civil Action No. 2940.

District Court, W. D. Pennsylvania.
May 16, 1945.

Stonecipher & Ralston, of Pittsburgh, Pa., for plaintiff.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

The Complaint alleges that plaintiff sold to defendant certain lumber to be delivered F.O.B. to United States Area Engineer at Victory, Mercer County, Pennsylvania, for use in construction of Shenango Personnel Replacement Depot. This sale was evidenced by a Purchase Order dated August 18, 1942 (Exhibit A attached to Complaint), and Change of Purchase Order dated January 6, 1943 (Exhibit B attached to Complaint), which plaintiff accepted and in pursuance of which delivered to defendant lumber of the total value of $21,680.62, less freight of $4,214.34, or a total net amount of $17,466.28, on which defendant made payments of $14,038.53, leaving a net balance due plaintiff of $3427.75.

In its amended answer, defendant admits the execution of purchase orders Exhibits A and B, and the delivery by plaintiff to defendant of lumber thereunder, but denies the total invoice value of such lumber and the total net amount of lumber received by defendant, although it admits that the total amount of all shipments as invoiced by plaintiff to defendant amounted to $21,-739.78, but claims credit as against this invoice for the following:

| | |
|---|---:|
| Freight paid by defendant for plaintiff | $ 4214.32 |
| Sales tax erroneously charged by plaintiff to defendant | 54.72 |
| Corrections in calculation by plaintiff | 2.42 |
| Shortages in lumber invoiced and non-segregation of lumber in cars | 2211.57 |
| Credit due defendant on account of OPA price adjustments | 571.07 |
| Payments by check of defendant to plaintiff | 13467.46 |
| Total credits claimed | $20521.56 |

This computation leaves an admitted balance due by defendant to plaintiff of $1216.20.

In support of plaintiff's motion for judgment, plaintiff has filed an affidavit under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, containing letters of defendant and Major W. C. Sales, Area Engineer of the Army Engineer Corps, waiving deductions for non-segregation. In its original answer, defendant waived its right to claim $840.59 by reason of non-segregation of the lumber invoiced. We are of the opinion that defendant is legally bound by that waiver, and no counterclaim or setoff for the alleged non-segregation can be allowed. In addition to that, the United States is not a party to this suit, and there is no provision in the purchase orders (Exhibits "A" and "B") for such non-segregation.

| | |
|---|---:|
| The total amount claimed by defendant for shortages and non-segregation is | $2211.57 |
| Deducting non-segregation claim of defendant | 656.39 |
| Therefore the total amount in dispute is | $1555.18 |
| The total amount of plaintiff's claim is | $3427.75 |
| Greatest amount in dispute as shown by admissions and pleadings is | $1555.18 |
| Leaving a balance of | $1872.57 |

for which amount plaintiff is now entitled to judgment, with interest from November, 1, 1942.

An order for judgment accordingly may be submitted.